**COLBERT et al. v. CHILDERS, Judge of Seventeenth Judicial District.**

No. 27170.    Feb. 2, 1937.

J. B. Moore and J. H. Denton, for plaintiffs.

I. C. Sprague, for defendant.

PHELPS, J. For service, convenience, and administration purposes the Oklahoma Cotton Growers Association divided the state into ten districts. District No. 7 is composed of the counties of Bryan, Carter, Choctaw, Garvin, Love, McCurtain, Marshall, and Murray. Under its by-laws the annual district convention selects candidates for director and teller to be voted on and elected at the annual meeting. District No. 7 held its annual meeting at Madill, in Marshall county, at which meeting Walter Colbert, T. T. Fowler, and Jess Mason claimed to have been nominated as candidates for directors and teller, respectively, which claim was disputed by Joe A. Wyatt and J. H. Sargent, who claimed that they had been selected as such candidates. This dispute resulted in the filing of a suit by Wyatt and Sargent against Oklahoma Cotton Growers Association and Walter Colbert, T. T. Fowler, and Jess Mason, said suit being filed in the district court of McCurtain county, which is in the 17th judicial district. This action was based on section 9768, O. S. 1931, which reads as follows:

"Upon the application of any person or body corporate aggrieved by any election held by any corporate body, or any proceedings thereof, the district judge of the district in which such election is held must proceed forthwith summarily to hear the allegations and proofs of the parties, or otherwise inquire into the matters of complaint, and thereupon confirm the election, order a new one, or direct such other relief in the premises as accords with right and justice. Before any proceedings are had under this section, five days' notice thereof must be given to the adverse party, or those to be affected thereby."

Notice was served on the defendants Colbert, Fowler, and Mason, who at once challenged the jurisdiction of the district court of McCurtain county to hear and try said cause for the reason that the suit was not filed within the judicial district in which said purported election was held, Marshall county being in judicial district No. 19.

The trial court overruled defendants' objection to jurisdiction, and the defendants filed their original application here for a writ of prohibition to prohibit the district court of McCurtain county from proceeding with the trial and final disposition of said cause. The plaintiff or petitioner here contends that no such action could be maintained under the provisions of section 9768, supra, except within the judicial district where said election was held, while it is the

contention of the defendants and respondent here that the action could be maintained in any county embraced in the Oklahoma Cotton Growers' Association District No. 7.

Both parties agree, therefore, that the only question here involved is the construction of section 9768, supra; that is, whether the language of the statute, "the district judge of the district in which such election is held," means the judicial district, or whether it means, in the instant case, Oklahoma Cotton Growers' Association district No. 7. Attorneys for both parties state that they have not been able to find adjudicated cases squarely in point.

This section of our statute was section 2932, Dakota section, and was embodied in our 1890 Territorial Statutes (section 987, St. 1890), and has been handed down to us through each succeeding compilation of our statutes and, as we view it, is not susceptible of any other construction than that the district referred to was the judicial district rather than any district which might be formed for the convenience of any corporation. Section 315 of the Civil California Code is almost identical with ours, and the Nevada Supreme Court had occasion to construe that section in State ex rel. Ryan v. Cronan, 49 P. 41, and in commenting upon it, said:

"* * * may be set aside only by petition to the district court **of the county where the election is held.** * * *"

Since the attorneys for both sides say they have been unable to find adjudicated cases that would aid us in construing this section of the statute, we assume there are none. To us, however, the language of the statute seems so plain that we think adjudicated cases are unnecessary. It is plain to us that this section of our statute contemplated that any such action must be brought before a district judge of the judicial district in which the election was held, If our conclusion be correct, then a district judge not within the judicial district where the election was held would have no jurisdiction. Having reached this conclusion, it follows that Hon. Geo. R. Childers, respondent here, not being a district judge within the judicial district in which Marshall county is situated, would have no jurisdiction to hear or try said cause.

There are other procedural questions suggested in the response and briefs, but having reached this conclusion, we deem it unnecessary to discuss them.

The writ is granted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, CORN, and HURST, JJ., concur. RILEY and GIBSON, JJ., absent.